**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Mai Tulyathan, State Bar No. 316704)
E-mail: ktulyathan@diversitylaw.com
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
Telephone:   (213) 488-6555
Facsimile:   (213) 488-6554

**POLARIS LAW GROUP LLP**
William L. Marder, State Bar No. 170131
E-mail: bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone:   (831) 531-4214
Facsimile:   (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
E-mail: dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA GILLESPIE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VERIZON, an unknown corporate entity; CELLCO PARTNERSHIP, an unknown corporate entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF LABOR CODE § 226** |

-1-
PLAINTIFF'S CLASS ACTION COMPLAINT

Comes now Plaintiff Jessica Gillespie ("Plaintiff"), individually and on behalf of all similarly situated current and former employees hereby alleges and complains against Defendants Verizon/Cellco Partnership (collectively, "Verizon" or the "Company"), and Does 1 through 50 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the violations of the California Labor Code § 226, pursuant to the Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332(d), in that this is a class action involving citizens of different states and the amount in controversy exceeds $5 million based on the wage statement penalties set forth in Labor Code § 226(e).

2. Venue is proper in the Eastern District of California because Plaintiff worked for Defendants in Placer County and, thus, this Court is the proper venue for this lawsuit.

## PARTIES

3. Verizon is a national wireless and phone service provider with locations throughout the United States, including in Placer County, California.

4. On or about March 5, 2018, Plaintiff began employment with the Company as a non-exempt employee in Roseville, California.  Plaintiff is still currently employed by Defendants.

## DOE DEFENDANTS

5. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and, based thereon alleges, that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff to be subject to the illegal employment practices, wrongs and injuries complained of herein.

## AGENCY STATUS OF EACH DEFENDANT

6. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as

the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

7. Plaintiff is informed and believes and, based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

8. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ALLEGATIONS

10. **Class Definition:** The named individual Plaintiff brings this action individually and on behalf of the Class pursuant to FRCP 23. Plaintiff proposes the following class and subclass:

   a. All current and former California employees of Defendants who received any wage statements from Defendants at any time from September 4, 2017, through the present (this group of individuals shall hereinafter be collectively referred to as the "Class" or "Class Members");

   b. All current and former non-exempt California employees of Defendants who were paid any "FLSA True Up" wages from Defendants at any time from September 4, 2017, through the present (this group of individuals shall hereinafter be collectively referred to as the "FLSA True Up Wage Statement Sub-Class"); and

    **c.** All current and former non-exempt California employees of Defendants who were paid any "Sunday Worked Premium" wages from Defendants at any time from September 4, 2017, through the present (this group of individuals shall hereinafter be collectively referred to as the "Sunday Worked Premium Wage Statement Sub-Class").

11. **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendant's records, including payroll records. Plaintiff is informed and believe, and based thereon alleges, that Defendant failed to provide proper payroll records in violation of Labor Code § 226.

12. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

13. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants failing to provide accurate, itemized wage statements in violation of Labor Code § 226.

14. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code § 226. As with other non-exempt California employees, Plaintiff was not provided proper and accurate itemized wage statements. First, Defendants violated Labor Code§ 226(a) as to Plaintiff and Class Members by failing to identify the applicable rate of pay and hours worked whenever "FLSA True Up" wages are paid. Plaintiff is informed and believes and based thereon alleges that the FLSA True Up wages are paid based on an hourly rate of pay. However, whenever such wages were paid, the wage statements do not show what rate was used and what hours were applied to the calculation of such wages. Second, Defendants violated Labor Code§ 226(a) as to Plaintiff and Class Members who were paid "Sunday Worked Premium" wages. In particular, when such wages were paid, the wage statements issued by Defendants did not identify the accurate total hours worked. Rather, when the hours shown on

the wage statements are added up, they do not appear to add up to the actual total hours worked. Therefore, Defendants violated Labor Code§ 226(a) as to Plaintiff and Class Members as Defendants failed to identify the correct total hours worked. Third, the wage statements issued to Plaintiff and Class Members failed to identify the accurate legal name of the employer. Specifically, the wage statements issued to all employees identified the employer as "Verizon" and/or "Cellco Partnership." However, no such name appears on the Secretary of State's website. As such, all wage statements issued to every employee violates Labor Code§ 226(a).  Therefore, Plaintiff is a member of the Class and have suffered the alleged violations of California Labor Code § 226.

15.     The Labor Code and regulations upon which Plaintiff base these claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

16.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendant would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

17.     The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendant and which would establish potentially incompatible standards of conduct for the Defendant, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect

their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

18. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action for all damages and or penalties pursuant to Labor Code § 226 including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226 and Code of Civil Procedure § 1021.5.

19. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and is a representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

20. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF LABOR CODE § 226**

## **(BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. Defendants failed in their affirmative obligation to provide accurate itemized wage statements. As with other non-exempt California employees, Plaintiff was not provided proper and accurate itemized wage statements. First, Defendants violated Labor Code § 226(a) as to Plaintiff and Class Members by failing to identify the applicable rate of pay and hours worked whenever "FLSA True Up" wages are paid. Plaintiff is informed and believes and based thereon alleges that the FLSA True Up wages are paid based on an hourly rate of pay. However, whenever such wages were paid, the wage statements do not show what rate was used and what hours were applied to the calculation of such wages. Second, Defendants violated Labor Code § 226(a) as to Plaintiff and Class Members who were paid "Sunday Worked Premium" wages. In particular, when such wages were paid, the wage statements issued by Defendants did not identify the accurate total hours worked. Rather, when the hours shown on the wage statements are added up, they do not appear to add up to the actual total hours worked.

Therefore, Defendants violated Labor Code § 226(a) as to Plaintiff and Class Members as Defendants failed to identify the correct total hours worked. Third, the wage statements issued to Plaintiff and Class Members failed to identify the accurate legal name of the employer. Specifically, the wage statements issued to all employees identified the employer as "Verizon" and/or "Cellco Partnership." However, no such name appears on the Secretary of State's website. As such, all wage statements issued to every employee violates Labor Code § 226(a). Therefore, Defendants violated Labor Code § 226 by not providing the requisite itemized wage statements to Plaintiff and other class members.

23. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered in Plaintiff's favor and against Defendants, and each of them, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class;
3. For an order appointing Counsel for Plaintiff as Class counsel;
5. Upon the First Cause of Action, for penalties and/or damages pursuant to Labor Code § 226, *et seq.*, for interest, costs, and for attorney's fees;
6. On all causes of action, for prejudgment interest at the prevailing legal rate;
7. On all causes of action, for attorney's fees and costs as provided by California Labor Code § 226 and Code of Civil Procedure § 1021.5 and for such other and further relief the Court may deem just and proper.
8. Costs of suit; and
9. Such other and further relief as the Court may deem proper.

DATED: September 4, 2018                DIVERSITY LAW GROUP, P.C.

                                        By:_____/s/ Larry W. Lee_____
                                                Larry W. Lee
                                        Attorneys for Plaintiff and the Class