| | |
|---|---|
| Steven M. Zadravecz (State Bar No. 185676)<br>szadravecz@jonesday.com<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612.4408<br>Telephone: +1.949.851.3939<br>Facsimile: +1.949.553.7539<br><br>Allison E. Crow (State Bar No. 279078)<br>acrow@jonesday.com<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: +1.415.626.3939<br>Facsimile: +1.415.875.5700<br><br>Attorneys for Defendant<br>CELLCO PARTNERSHIP, dba Verizon Wireless and improperly named as "Verizon, an unknown corporate entity" | DIVERSITY LAW GROUP, P.C.<br>Larry W. Lee (State Bar No. 228175)<br>E-mail: lwlee@diversitylaw.com<br>Mai Tulyathan (State Bar No. 316704)<br>E-mail: ktulyathan@diversitylaw.com<br>515 S. Figueroa St., Suite 1250<br>Los Angeles, California 90071<br>Telephone: (213) 488-6555<br>Facsimile: (213) 488-6554<br><br>POLARIS LAW GROUP LLP<br>William L. Marder (State Bar No. 170131)<br>E-mail: bill@polarislawgroup.com<br>501 San Benito Street, Suite 200<br>Hollister, California 95023<br>Telephone: (831) 531-4214<br>Facsimile: (831) 634-0333<br><br>Dennis S. Hyun (State Bar No. 224240)<br>E-mail: dhyun@hyunlegal.com<br>HYUN LEGAL, APC<br>515 S. Figueroa St., Suite 1250<br>Los Angeles, California 90071<br>Telephone: (213) 488-6555<br>Facsimile: (213) 488-6551<br><br>Attorneys for Plaintiff and the Class |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JESSICA GILLESPIE, individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VERIZON, an unknown corporate entity; CELLCO PARTNERSHIP, an unknown corporate entity; and DOES 1 through 50, inclusive,<br><br>    Defendants. | **Case No. 2:18-cv-02429-TLN-DB**<br><br>**JOINT STIPULATION TO STAY PROCEEDINGS PENDING MEDIATION** |

This Joint Stipulation is submitted by Plaintiff Jessica Gillespie ("Plaintiff") and Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco"), which is named as "Cellco Partnership," and improperly named as "Verizon, an unknown corporate entity" in Plaintiff's First Amended Complaint (Plaintiff and Cellco are referred to as the "Parties"). Plaintiff and Cellco stipulate that this action should be stayed because an earlier-filed, substantially similar action is pending in California state court; Plaintiff and Cellco have agreed to participate in the mediation of that pending state court action to attempt to resolve both disputes. Plaintiff and Cellco jointly request that the Court issue an order staying these proceedings and vacating all deadlines, as stipulated below, while they pursue mediation.

1. The class action Complaint in this case was filed on September 4, 2018 (Doc. 1); it alleged a single cause of action for violation of California Labor Code § 226 based on allegations that Cellco failed to provide accurate itemized wage statements to certain of its non-exempt employees. Plaintiff filed a First Amended Complaint on October 24, 2018 (Doc. 10), adding a claim for penalties under the Private Attorneys General Act, California Labor Code § 2698, *et seq.* ("PAGA").

2. Last year, on June 2, 2017, a separate state-wide class action was filed in the Superior Court of California, County of San Diego, titled *Farid Harchegani and Mohamed Elhosainy, individually and on behalf of others similarly situated v. Cellco Partnership, Inc. dba Verizon Wireless, a Delaware Partnership; AirTouch Cellular, Inc. dba Verizon Wireless, a California Corporation; and DOES 1-20, inclusive*, Case No. 37-2017-000199977-CU-OE-CTL ("*Harchegani* Action"). The *Harchegani* Action alleges that Cellco and Airtouch Cellular, Inc. d/b/a Verizon Wireless (together referred to as "Verizon Wireless") failed to provide accurate itemized wage statements and that the *Harchegani* Action putative class members are owed overtime and other wages, as well as wage statement penalties, under the California Labor Code. The named plaintiffs in the *Harchegani* Action purport to bring claims on behalf of "All current and former retail sales representatives who worked for Defendants in California during the Class Period and received non-discretionary bonuses." On February 16, 2018, the plaintiffs in the *Harchegani* Action filed a Second Amended Complaint eliminating their claims for unpaid wages

and adding a claim under the PAGA. The *Harchegani* Action's operative complaint therefore only alleges claims for inaccurate wage statements and PAGA penalties, like the FAC in this case.

3. The *Harchegani* Action has been coordinated with ten other actions that are part of the AirTouch Cellular Wage and Hour Cases Coordination Proceeding, Judicial Council Coordinated Proceeding No. 4693 (the "Coordinated Proceeding"). Out of the eleven actions in the Coordinated Proceeding, six remain pending, including the *Harchegani* Action. The other five have been dismissed or settled on an individual basis. In all eleven of the coordinated actions, the plaintiffs brought claims on behalf of California Verizon Wireless non-exempt employees, as well as Verizon Wireless employees alleged to be non-exempt.

4. The proposed class definition in the FAC overlaps with the proposed class in the *Harchegani* Action. The FAC seeks to certify a class of "All current and former California employees of Defendants who received any wage statements from Defendants at any time from September 4, 2017, through the present." The FAC also seeks to certify two sub-classes including "All current and former non-exempt California employees of Defendants who were paid any 'FLSA True Up' wages from Defendants" and "All current and former non-exempt California employees of Defendants who were paid any 'Sunday Worked Premium' wages from Defendant" at any time from September 4, 2017 through the present. (Doc. 10).

5. The Parties agree that, given the overlapping class definitions and claims in this action and the *Harchegani* Action, they will involve substantially similar or overlapping issues, evidence, and witnesses.

6. The Parties discussed alternative dispute resolution of this action and agreed to coordinate their efforts to include Plaintiff and her counsel in the mediation that has already been agreed to by the parties in the *Harchegani* Action, so that settlement of the claims in this action can be discussed in conjunction with a potential settlement of the *Harchegani* Action.

7. The Parties have agreed to set a mediation, and anticipate that the mediation will take place no later than April 31, 2019.

- 2 -

JOINT STIP. TO STAY PROCEEDINGS
2:18-cv-02429-TLN-DB

8. The Parties agree that good cause exists to stay all proceedings in this action to avoid potentially unnecessary litigation efforts and expenses, given the similarity between this action and the *Harchegani* Action, and the agreement to mediate both actions.

9. Accordingly, the Parties stipulate and request that the Court stay this action until May 30, 2019, to give the Parties time to participate in a mediation.

10. The Parties stipulate that the stay of this action will lift on May 30, 2019, unless that date is extended by the Court. The Parties further agree that the agreement to stay this action until May 30, 2019, is without prejudice to Cellco's right to seek a further stay of this action on other grounds, including on the grounds that a stay is appropriate because of the overlap between this action and the *Harchegani* Action.

11. The Parties therefore stipulate and request the Court to order as follows:

    a. This action is stayed until May 30, 2019, in its entirety.

    b. All currently scheduled deadlines and proceedings are vacated.

    c. The stay in this case will lift on May 30, 2019, unless extended by the Court.

    d. The stay through May 30, 2019, is without prejudice to Cellco's right to seek a further stay at that time on any applicable grounds, including the overlap between this action and the *Harchegani* Action pending in state court.

///

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURES CONTINUED ON NEXT PAGE]

IT IS SO STIPULATED.

Dated: October 31, 2018                     DIVERSITY LAW GROUP, P.C.

                                            By: /s/ Larry W. Lee (as authorized 10/31/18)
                                                Larry W. Lee

                                            Attorneys for Plaintiff and the Class
                                            JESSICA GILLESPIE

Dated: October 31, 2018                     JONES DAY

                                            By: /s/ Steven M. Zadravecz
                                                Steven M. Zadravecz

                                            Attorneys for Defendant
                                            CELLCO PARTNERSHIP

**ORDER**

Pursuant to the Parties' Stipulation, IT IS SO ORDERED.

Dated: November 2, 2018

_____
Troy L. Nunley
United States District Judge